## SAWYERS v. SCHULER *et al.*

No. 1023.   Opinion Filed November 14, 1911.

**REPLEVIN—Evidence—Sufficiency.**   Evidence examined and held that the court erred in overruling a demurrer thereto.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County; Preslie B. Cole, Judge.*

Replevin by Antone Schuler and Louisa Schuler against R. Sawyers.   Judgment for plaintiffs, and defendant brings error. Reversed.

*E. Allen Boyd* and *W. H. Moore,* for plaintiff in error.

*Wallace Wilkinson,* for defendants in error.

TURNER, C. J.   This is a suit in replevin, brought originally before a United States commissioner in Indian Territory, for a set of butcher tools, of the value of $70.90.   There was judgment for plaintiffs before the commissioner, and in the district court of Pittsburg county, to which it was appealed.   Defendant brings the case here.

As the first assignment is that the court erred in the admission of testimony over objection, we cannot consider it for the reason that said assignment fails to comply with rule 25 of this court (20 Okla. xii, 95 Pac. viii).

The next is that the court erred in overruling defendant's demurrer to the evidence.   There is no dispute as to the essential facts.   On this point the evidence discloses that on August 27, 1904, Antone Schuler and Louisa Schuler, defendants in error, plaintiffs below, were the owners of a small home and a butcher shop, which they ran, in McAlester, then Indian Territory; that on said day they entered into  a written agreement with R. C. Sawyers, plaintiff in error, to sell the same to him for $1,450, and take cattle in payment, less $700, due on a mortgage outstanding against the home, which Sawyers agreed to pay out of the pro-

ceeds of certain of the cattle which he was authorized to sell, and less $25 per month for eight months thereafter, during which it was agreed they might remain in possession, and until the purchase price was paid; that pursuant to said agreement they made to Sawyers a deed to the realty, which, together with a bill of sale of said tools, they placed in escrow, with the understanding that the same should there remain until the purchase price was paid; that pursuant to said agreement Sawyers sold part of the cattle, paid off said mortgage, and delivered six head of said cattle to plaintiffs, but refused to deliver more, whereupon they declared the contract at an end and notified the escrow not to deliver said papers, but found that the same had already been done; that thereupon plaintiffs sued defendant for the balance of the purchase price of all the property, including the tools, and to enforce a vendor's lien against the realty, and defendant sued plaintiffs for the possession of the realty; that pending these suits plaintiffs loaned the tools to a neighbor, whereupon defendant, by displaying his bill of sale therefor and claiming to be the owner, got possession of them; that thereafter, on November 15, 1905, it was agreed in writing between plaintiffs and defendant, in effect, that said suits "be and are hereby settled and compromised," Sawyers thereby agreeing to pay "$1,040.75 on or before the first day of December, 1905" (which he did), and which, when paid, it was further agreed, "all matters in reference to said suits are hereby settled in full," each suit to be dismissed by plaintiff therein at his own cost—which was done. Thereafter this suit was brought. In passing, in determining the legal effect of said compromise agreement, it was the duty of the trial court to ascertain from the pleadings in both cases, introduced in evidence, precisely what was involved therein and whether it appeared therefrom that the suit of the Schulers embraced the balance of the purchase price of all the property sold, including said tools. If it did, it is apparent that when Sawyers agreed to pay $1,040 and plaintiffs agreed to accept the same in full of "all matters in reference to said suits," the tools, being in controversy, were settled and paid for, and

the title thereto passed to Sawyers by virtue thereof. As there was no contention that he had since parted with the title thereto, the demurrer to the evidence should have been sustained.

Reversed.

All the Justices concur.